## Case No. 3,848.

### DEWEES' CASE.

[Chase, 531.][1]

Circuit Court. D. North Carolina. June, 1869

MEMBERS OF CONGRESS — UNLAWFUL FRANKING— INDICTMENT—TRANSMITTING CIRCULARS.

1. An indictment against a member of congress for unlawfully franking, need not charge

[1] [Reported by Bradley T. Johnson, Esq., and here reprinted by permission.]

that he franked any letter as a member of congress, nor that he was a member of congress when the offense was committed. If this were otherwise, the indictment charging that "J. T. D., member of congress," committed the offense, sufficiently charged that he did it whilst a member of congress.

2. In an indictment for a statutory offense, it is sufficient if the offense be substantially set forth, though not in the precise words of the act.

3. An allegation in an indictment that a member of congress franked letters, not written by himself, namely, envelopes which he consented should be used by one C., for the purpose of transmitting through the mail certain matter properly chargeable with postage, sufficiently excludes the possibility that the letters were written by the order of the defendant on the business of his office.

4. Though it is unlawful for a member of congress to frank envelopes to be used in transmitting printed circulars through the mail, it is not penal. Such do not come within the meaning of the word "letters" in the act of 1825.

[Cited in U. S. v. Huggett, 40 Fed. 642.]

John T. Dewees, the representative in the congress of the United States from the Raleigh district in the years 1868-9, made some arrangement with one Cunningham, by which the latter was enabled to transmit his business circulars through the mails without paying postage thereon. The circulars were printed, sealed up in envelopes, franked by Dewees as member of congress; or the franked envelopes were furnished by Dewees, and used by Cunningham, it did not appear which. For this he was indicted in this court, and found guilty by a jury. Whereupon he moved in arrest of judgment that the indictment described no offense for which punishment was denounced by the laws of the United States.

CHASE, Circuit Justice. An indictment was found against the defendant, charging that he, a member of congress, franked letters, not written by himself, namely, envelopes which he consented should be used by one Cunningham for the purpose of transmitting through the mail, free of postage, certain mailable matter properly chargeable with postage; which franked envelopes were used by Cunningham. Upon this indictment the jury found the defendant guilty.

A motion has been made in arrest of judgment. The ground of the motion is that the act described in the indictment did not constitute the offense of franking letters in violation of law within the meaning of section 28 of the act of March 3, 1825 [4 Stat. 110]. It is more particularly insisted, first, that the indictment does not allege that Dewees franked any letter as a member of congress; second, that it does not negative the conclusion that the letters were written by others under his direction, and on the business of his office; and, third, that a printed circular letter, contained in a sealed envelope, is not a letter within the meaning of the act of 1825.

That act provides that, "if any person shall

frank any letter or letters other than those written by himself, or by his order, on the business of his office, he shall, on conviction thereof, pay a fine of ten dollars."

The first objection may, therefore, be easily disposed of. The penalty is pronounced against any person who commits the offense of unlawful franking. It was sufficient, therefore, to allege that Dewees committed the offense without alleging that he was a member of congress. If this were otherwise, we think that the indictment which charges that John T. Dewees, member of congress, committed the offense, is a sufficient allegation that he was a member of congress when the offense was committed.

Nor do we think that more weight should be given to the second objection. In an indictment for a statutory offense, it is sufficient that it is substantially set forth, though not in the precise words of the act. U. S. v. Bachelder [Case No. 14,490]; U. S. v. Pond [Id. 16,067].

In the present case the fact that the letters were not written by the order of the defendant on the business of his office, is sufficiently negatived by the affirmation that the envelopes which he franked were used, with his consent, by Cunningham, for the purpose of transmitting free through the mail matter chargeable with postage.

The only serious question is that presented by the third objection, that the franking of envelopes for the transmission of printed circulars through the mail is not the franking of letters within the meaning of the act. It is not denied that the franking of these envelopes, for the purpose intended, was a violation of the law.

The franking privileges of members of congress cover only correspondence to and from them, printed matter issued by authority of congress, speeches, proceedings and debates in congress, and printed matter sent to them. It is very clear that the circulars franked by the defendant did not come within either of these descriptions. The franking, therefore, was unlawful. But, is it made a penal offense by the act of congress? The answer to this question depends on the meaning of the word "letter" as used in the act.

It is strenuously insisted on behalf of the defendant, that the word means only a manuscript letter. In support of this view, it is urged, that the act itself in denouncing a penalty for franking letters other than those written by the franker, implies that the letters, of which the franking is made an offense, must be written letters, and this view seems not unreasonable.

It is further insisted that this construction is supported by the provisions of the act of 1863 (12 Stat. 705), describing mailable matter as consisting, first, of letters; second, of regularly issued printed matter; and third, of miscellaneous matter. In these classes of mailable matter, the first alone embraces

correspondence, wholly or partly in writing. The other classes embrace printed matter, with an addition, in the third class, of book manuscripts, and proof sheets, corrected or uncorrected.

This definition of letters as correspondence, wholly or partly in writing, necessarily excludes from the definition printed circulars, whether in the form of letters or otherwise. It does not leave us at liberty to say that the word "letter" or "letters," other than those written by himself or by his order, in the above section of the act of 1825, includes any letters, not partly, at least, in writing. The indictment in this case, does not charge that the letters described in it were written, either wholly or in part, and the proof before the jury was that the circulars alleged to have been franked were printed.

It follows that the indictment does not describe an offense within the meaning of the penal provision of the act of 1825. It describes only an unlawful act to which congress has not seen fit to annex a penalty. No judgment, therefore, can be entered upon the verdict. The motion in arrest must be granted.